UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADENIKE GRAHAM, et al.  :  19 Civ. 00873 (AT) (RWL)

        Plaintiff,  :  **ORDER**

- against -  :  USDC SDNY
   :  DOCUMENT
NATIONAL BEVERAGE CORPORATION  :  ELECTRONICALLY FILED
   :  DOC #:_____
        Defendant.  :  DATE FILED: 3/19/2020
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This Order resolves the discovery issue raised by the parties in regard to Christopher Heptinstall, a third-party who Plaintiffs claim is a consultant retained in connection with this case. (Dkt. 56.) According to his own deposition testimony, Mr. Heptinstall, through one of his companies, Consumer Products Associates, purchases consumer products at random, has them tested, and then hands off the results to law firms to build false advertising cases. The instant dispute concerns the extent to which his work and communications with counsel is protected as attorney work product.

1. Although having entered into a consulting arrangement with Plaintiffs' co-counsel, who appeared in this action only after deposition discovery from Mr. Heptinstall became an issue, Mr. Heptinstall was far more than a consultant. He was directly involved in factual underpinnings that led to filing of the action, including obtaining the consumer product at issue, choosing a testing facility, providing it to a testing facility (thereby implicating himself in chain of custody), obtaining and evaluating test results, and providing those results to counsel. Defendant is entitled to full discovery of those facts.

2. The Court has reviewed the transcript of Mr. Heptinstall's deposition. It is quite apparent from reading the transcript that Mr. Heptinstall was not forthcoming in his

1

answers and repeatedly and evasively claimed he did not recall answers to basic questions. Regardless whether his actions predate or post-date formal retention in this matter, Mr. Heptinstall must answer all deposition questions posed to him with the exception that he need not reveal the mental impressions, conclusions, opinions or legal theories of Plaintiffs' counsel. No such qualification applies to any communications or events predating the December 19, 2018 consulting agreement with Brusca Law.

3. It is also evident from Mr. Heptinstall's deposition transcript, that he may not have searched for or produced all responsive documents to the subpoena served on him or otherwise identify all documents withheld on the basis of an asserted privilege or protection. Mr. Heptinstall must fully comply with the subpoena served on him and provide a sworn statement that he has searched for and produced all responsive documents located after a reasonable search and has identified all documents withheld on the basis of an asserted privilege or protection.

4. The Court has reviewed the four documents involving communications with Mr. Heptinstall and listed on a privilege log. These documents contain the mental impressions and opinions of counsel, and need not be produced.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: March 19, 2020
New York, New York

Copies transmitted to all counsel of record.