```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ADENIKE GRAHAM, et al.,                       :
                                              :      19 Civ. 00873 (AT) (RWL)
                          Plaintiffs,         :
                                              :              ORDER
          - against -                         :
                                              :
NATIONAL BEVERAGE CORPORATION,                :
                                              :
                          Defendant.          :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/6/2020

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This is a class action case alleging that Defendant's advertising claim that its LaCroix brand products are "100% Natural" or "All Natural" sparkling water is false and misleading. Plaintiff has filed an application to compel production of "all documents and communications regarding or reflecting the formulation of the LaCroix Products, including but not limited to, documents showing: (a) each constituent ingredient; (b) the amount of the ingredient in the product by proportion and weight; and (c) the time period(s) during which such formulation was used, as well as documents showing the manufacturing process for the LaCroix Products." (Dkt. 67.) Plaintiff claims to have test results demonstrating that at least one of Defendant's products contains some unidentified non-natural component.

Defendant opposes on the basis that it has disclosed all ingredients, that there is no need for any additional information, and that Plaintiff has not identified any specific synthetic ingredient or substance contained in Defendant's Products. Defendant further points out that the information sought includes protected trade secrets and that Plaintiff and Plaintiff's lawyers are involved in other litigation against Defendant's competitors,

1

thereby heightening disclosure concerns. The Court heard the parties on the issue during a telephone conference held on May 6, 2020.

Based on the parties' arguments and the prior proceedings in this case, and with due consideration for relevancy and proportionality, the application is granted in part and denied in part as follows:

Defendant shall disclose to Plaintiff (under whatever level of confidentiality Defendant deems appropriate),

1. Identification of each ingredient in each Product.

2. For any ingredient in the Products that is identified as synthetic in good faith by either party or any third-party supplier or testing facility: identification of (a) the absolute amount by weight or volume (as applicable) of that ingredient in the formulation of the particular Product; and (b) the percentage amount of the ingredient in the Product relative to the ingredients in the Product as a whole.

3. Identification of the time period for any information disclosed in (1) and (2).

4. Documents sufficient to show the manufacturing process, including but not limited to application of synthetic substances to processing of ingredients, for the Products and any changes thereto over the relevant time period.

5. All communications concerning or reflecting use of synthetic substances in the ingredients or manufacturing process for the Products.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   May 6, 2020
         New York, New York

Copies transmitted to all counsel of record.