

**GREG COLEMAN LAW PC**
FIRST TENNESSEE PLAZA
800 S. GAY STREET, SUITE 1100
KNOXVILLE, TN 37929

June 29, 2020

Magistrate Judge Robert W. Lehrburger
500 Pearl Street, Room 1960
United States Courthouse
New York, NY 10007
Lehrburger_NYSDChambers@nysd.uscourts.gov

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/29/2020
```

  Re: *Adenike Graham, et al. vs. National Beverage Corporation*
    U.S.D.C. S.D. N.Y. Docket No. 1:19-cv-00873

Dear Judge Lehrburger:

  Pursuant to paragraph 16 of the Stipulated Confidentiality Agreement and Protective Order (ECF No. 31) (the "Protective Order"), Plaintiffs write to request leave to file a redacted copy of a letter motion and three of the four exhibits to that motion under seal.

  The letter motion is seeking an order from the Court that prohibits Defendant, National Beverage Corporation ("NBC"), from obstructing any further discovery. Three of the four exhibits are documents produced by NBC or third-party flavor houses that have been designated Highly Confidential/Attorneys Eyes Only, or contain information designated as such, and selections of a deposition of a third-party corporate representative that was designated Highly Confidential/Attorneys Eyes Only by NBC and the third party. Plaintiffs intend to redact portions of the letter motion that include information previously designated by NBC and the third party as Highly Confidential/Attorneys Eyes Only.

  Plaintiffs take no position as to the confidentiality designations. NBC and the third party, however, by designating the information and documents Highly Confidential/Attorneys Eyes Only assert that that the balance of competing considerations against public access, including the privacy rights of those involved, weigh in favor of maintaining confidentiality. The documents and information contain highly confidential, proprietary information, the disclosure of which would harm NBC and the third party because it would reveal to competitors, *inter alia*, the identities of the suppliers used by NBC, some of the ingredients in the suppliers' flavor products, and the methods used by the suppliers to manufacture the flavor ingredients for the LaCroix Products. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); see also *EEOC v. Kelley Drye & Warren LLP*, No. 10 Civ. 655(LTS)(MHD), 2012 WL 691545 at *2, *3 (S.D.N.Y. Mar. 2, 2012) (noting that third party privacy interests, confidentiality of trade secrets and the risk of creation of a competitive disadvantage by disclosure may warrant sealing of information); Restatement (First) of Torts § 757, cmt. b (Am. Law Inst. 1939) ("A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do now know or use it").

     In accordance with the Protective Order, Plaintiffs will provide the Court, via electronic email, with unredacted copies of the relevant filings.

Sincerely yours,

**GREG COLEMAN LAW PC**

*Rachel Soffin*

**Rachel Soffin**

cc: Counsel for National Beverage via ECF

SO ORDERED:

6/29/2020

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE